**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| MARIO VALLE, | : | |
| Plaintiff, | : | Civil No. 10-0614 (JBS) |
| v. | : | |
| BAYSIDE STATE PRISON, | : | **O P I N I O N** |
| Defendant. | : | |

**APPEARANCES:**

Mario Valle, <u>Pro Se</u>
635874
Southwoods State Prison
215 Burlington Road
Bridgeton, NJ 08302

**SIMANDLE, District Judge**

Plaintiff, a state prisoner confined at the Southwoods State Prison, Bridgeton, New Jersey, brings this civil action alleging violations of his constitutional rights. He has applied to proceed <u>in forma pauperis</u> ("IFP"), pursuant to 28 U.S.C. § 1915. This case was originally terminated for failure to pay the filing fee or properly apply to proceed IFP; however, the case was reopened after Plaintiff submitted a complete IFP application.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks

1

monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed, without prejudice.

## BACKGROUND

Plaintiff seeks to sue Bayside State Prison, alleging that on July 29, 2009, while incarcerated at Bayside, he was assaulted and threatened with death by officers when he refused to take a pill that makes him dizzy. He states that he is disabled, with a spine injury, and that the assault caused damages to his neck, back, and other areas of his body.

Plaintiff asks for monetary relief.

## DISCUSSION

**A.    Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and

1915A, because plaintiff is a prisoner and is proceeding as an indigent.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

3

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.     Section 1983 Claims**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

4

**C.   Plaintiff's Claims Must Be Dismissed.**

Plaintiff's complaint, as pled, must be dismissed, because Plaintiff does not name a proper defendant.  Bayside State Prison is immune from suit under § 1983 pursuant to the Eleventh Amendment.[2]  Additionally, Bayside State Prison is not a "person" for purposes of § 1983 litigation.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983).

---

[2]   The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." Thus, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Section 1983 does not override a state's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332 (1979).  Hence, the State of New Jersey and New Jersey Department of Corrections are immune from suit for money damages in federal court pursuant to the Eleventh Amendment. Moreover, the Department of Corrections is not a "person" subject to liability under § 1983. Analogously, Bayside State Prison is not an entity cognizable as "person" for the purposes of a § 1983 suit.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976).

If Plaintiff does not know the exact identity of the proper defendants who were personally involved in the alleged violations against him, he may plead "John Doe" and/or "Jane Doe" as defendants. Courts within this circuit have permitted "fictitious-defendant pleading." See Rolax v. Whitman, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted), aff'd, 53 Fed. Appx. 635 (3d Cir. 2002). The use of fictitious defendants is permitted until the plaintiff has had an opportunity to conduct discovery. See White v. Fauver, 19 F. Supp.2d 305, 312 n.8 (D.N.J. 1998). However, "fictitious parties must eventually be dismissed, if discovery yields no identities." Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998). Furthermore, obviously, fictitious parties cannot be served. Plaintiff must attempt to name one person who can be served with his complaint, and then through the course of discovery, determine identities of John/Jane Doe defendants.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Despite the above-explained shortcomings in Plaintiff's complaint, this Court will allow Plaintiff to file a motion to amend his complaint, attaching to any such motion a

proposed amended complaint, which names a proper defendant who may be served.

An appropriate order accompanies this opinion.

                                      **s/ Jerome B. Simandle**
                                      JEROME B. SIMANDLE
                                      United States District Judge

Dated:    **December 9, 2010**